IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Agustin Sergio Deleon Garza, | C/A No. 0:24-5972-DCN-PJG |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| N. Barnes, *FCI Warden*, | |
| Respondent. | |

Petitioner Agustin Sergio Deleon Garza, a self-represented prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.). Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

**I.      Factual and Procedural Background**

In 2015, Petitioner was convicted of kidnapping by a federal jury in the Western District of Texas and sentenced to life in prison. See Garza v. United States, 5:14-cr-247-RCL-1 (W.D. Tex.). His conviction and sentence were confirmed by the United States Court of Appeals for the Fifth Circuit. See United States v. Garza, 690 F. App'x 262 (5th Cir. 2017). Petitioner then unsuccessfully petitioned pursuant to 28 U.S.C. § 2255 for the sentencing court to vacate his conviction and sentence and the Fifth Circuit denied him a certificate of appealability.

In this § 2241 petition, Petitioner alleges he is actually innocent of his kidnapping charge and that his defense counsel was ineffective during plea negotiations. Petitioner's charges stem from allegations that he orchestrated a kidnapping in Mexico and profited from the ransom money. Petitioner asserts the victim has now recanted his testimony and Petitioner's Mexican coconspirators have been found innocent and released.

## II.   Discussion

### A.   Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in this case pursuant to the Rules Governing § 2254 Cases,[1] 28 U.S.C. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* pleadings, which are held to a less stringent standard than those drafted by attorneys.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016).  Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

### B.   Analysis

A petitioner cannot challenge his federal conviction and sentence through § 2241 unless he can show under the "savings clause" of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255(e); see also Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (providing that if a federal prisoner brings a § 2241 petition that does not

---

[1] The Rules Governing Section 2254 are applicable to habeas actions brought under § 2241. See Rule 1(b).

fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas petition for lack of jurisdiction). The United States Court of Appeals for the Fourth Circuit has held that a petitioner must establish the following criteria to demonstrate that a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's *conviction*:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000); see also United States v. Wheeler, 886 F.3d 415, 427 (4th Cir. 2018). Similarly, when the petitioner challenges the legality of his *sentence*, the Fourth Circuit provides the following test:

> (1) [A]t the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler at 429.

In this case, Petitioner does not present any legal argument concerning how his case fits into the Fourth Circuit's savings clause test. Rather, Petitioner relies on his assertion of actual innocence based on the victim's apparent recantation and recites the requirements for showing actual innocence in second or successive habeas petitions. (See ECF No. 1-1 at 5-11.) Essentially, Petitioner repeats the argument he has already made to the Fifth Circuit in support of his motion for authorization to file a successive § 2255 motion. There, just like here, Petitioner's motion was based on "newly discovered evidence consisting of official records showing that his unindicted coconspirators were charged in the Mexican court system with kidnapping, that they were

acquitted because the victim recanted his statements, and that they were immediately released." See In re Agustin Sergio DeLeon Garza, No. 24-50175 (5th Cir. April 25, 2024). The Fifth Circuit denied his motion as an impermissible freestanding claim of actual innocence and implicitly held it failed to satisfy § 2255(h)(1)'s gateway requirement. Id. This court has no authority to reconsider the Fifth Circuit's decision and Petitioner fails to show he can properly avail himself of the savings clause.

Therefore, this case should be dismissed because this court lacks jurisdiction over the Petition. See Wheeler, 886 F.3d at 426 (holding that the failure to meet the requirements of the savings clause is a jurisdictional defect that may not be waived).

**III.  Conclusion**

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without requiring the respondent to file a return.

December 12, 2024  
Columbia, South Carolina

_____  
Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).